UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
APR 24 2002
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAMIRO BALLI AND CONSUELO BALLI | § § § | |
| V. | § § | CIVIL ACTION NO. B-02-003 |
| BIGBEE TRANSPORTATION, INC., AND GEORGE TURNER | § § § | |

**JOINT REPORT OF MEETING AND
JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f)**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   Information: The meeting was held on 10 April 2002 at the offices of Plaintiffs' attorney in Brownsville, Texas. The undersigned respective attorneys-in-charge attended.

2. List the cases related to this one that are pending in any state or federal court, with the case number and court.

   Information: None.

3. Briefly describe what this case is about.

   Information: Plaintiffs were occupants of an automobile which was struck from behind by a truck-tractor owned by Defendant, Bigbee Transportation, Inc., and being operated by Defendant, George Turner. Plaintiffs claim they suffered personal injuries as a result of the accident, alleged to have been caused by the negligence of Mr. Turner in the operation of Bigbee Transportation's vehicle.

4. Specify the allegation of federal jurisdiction.

   Information: Defendant, Bigbee Transportation, Inc., removed the matter to federal court based upon diversity jurisdiction, as stated in particular in Defendant's notice of removal.

5. Name the parties who disagree and the reasons.

   Information: None at this time.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   Information: Defendant, George Turner, has been named by Plaintiffs as a defendant, but Mr. Turner to date has not been served and has not appeared and answered to the suit. It is not known at this time when Mr. Turner may be served and compelled to appear and answer, since he no longer is in the employ of Bigbee Transportation, Inc., and his present address or whereabouts at this time is unknown.

7. List anticipated interventions.

   Information: None.

8. Describe class-action issues.

   Information: None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). It not, describe the arrangements that have been made to complete the disclosures.

   Information: Plaintiffs made responses to requests for disclosure in state court prior to removal. Defendant, Bigbee Transportation, Inc., has made Rule 26(a) disclosures since removal. Plaintiffs intends to supplement its state court disclosures in the federal rule format.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

    Information: The parties at this time do not propose any changes to the timing, form, or requirement for disclosures. The parties anticipate discovery may be needed on the liability aspect of the case (the actions of the drivers of the respective vehicles) and the aspect of the Plaintiffs' claimed damages (nature and extent of personal injury, medical treatment). The

parties do not proposed any changes to limitations on discovery under the rules or local rule. The parties, however, are uncertain within what time frame or sequence they may be able to accomplish discovery of Mr. Turner.

B. When and to whom the plaintiff anticipates it may send interrogatories.

Information: Plaintiffs anticipate they may serve interrogatories and other written discovery requests on Defendant, Bigbee Transportation, Inc., within 60 days after the initial pretrial conference and approval of this plan.

C. When and to whom the defendant anticipates it may send interrogatories.

Information: Defendant, Bigbee Transportation, Inc., anticipates it may serve interrogatories and other written discovery requests on Plaintiffs within 60 days after the initial pretrial conference and approval of this plan.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

Information: Plaintiffs anticipate taking oral depositions of the police officer who investigated and reported the accident and of an appropriate representative of Bigbee Transportation, Inc., within 90 days after the initial pretrial conference and approval of this plan.

E. Of whom and by when the defendant anticipates taking oral depositions.

Information: Defendant, Bigbee Transportation, Inc., anticipates taking oral depositions of the plaintiffs, and of the two other occupants of the plaintiffs' vehicle, within 90 days after the initial pretrial conference and approval of this plan.

F. List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Information: Plaintiffs anticipate taking the deposition of the plaintiffs' treating physician within 120 days after the initial pretrial conference and approval of this plan.

G. List expert depositions the defendant anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Information: Defendant, Bigbee Transportation, Inc., anticipates taking the deposition of Defendant's consulting physician, if any, within 120 days after the initial pretrial conference and approval of this plan.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Information: Not applicable.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

Information: No formal discovery to date. Plaintiffs informally have attempted to locate Mr. Turner.

13. State the date the planned discovery can reasonably be completed.

Information: The parties anticipate the planned discovery reasonably can be completed within 120 days after the initial pretrial conference and approval of this plan.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Information: The parties considered the possibility of prompt settlement or resolution of the case problematic, due to the current unavailability of Mr. Turner and due to the need for further discovery of the damages aspect of the case (Mrs. Balli's medical).

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

Information: The parties to date and in the future have agreed to cooperate on disclosure, discovery, and deposition arrangements.

16. From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

Information: The parties consider mediation a potentially reasonably suitable alternative dispute resolution technique.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Information: The parties do not oppose trial before a magistrate judge.

18. State whether a jury demand has been made and if it was made on time.

    Information: Plaintiffs timely made jury demand in their initial state court pleading.

19. Specify the number of hours it will take to present the evidence in this case.

    Information: The parties anticipate it may take in the estimated range of 15 to 18 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Information: None.

21. List other motions pending.

    Information: None.

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    Information: The present unavailability of Mr. Turner for service or discovery due to his unknown whereabouts.

23. Certify that all parties have filed disclosure of interested parties as directed in the order for conference and disclosure of interested parties, listing the date of filing for the original and any amendments.

    Information: All parties have filed their disclosure of interested parties. Defendant, Bigbee Transportation, Inc., files its certificate on 30 January 2002. Plaintiffs filed their certificate on 7 February 2002.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

| | |
|---|---|
| **LAW OFFICES OF EDDIE TREVINO, JR.**<br>700 Paredes Ave., Suite 103<br>Brownsville, Texas 78520<br>956-554-0683, Fax 554-0693 | **DUNN & WEATHERED, P.C.**<br>611 S. Upper Broadway<br>Corpus Christi, Texas 78401<br>(361) 883-1594 [FAX 883-1599] |
| */s/ Eddie Trevino*<br>Eddie Trevino, Attorney-in-Charge<br>SBN 20211135 (Fed. ID 11628)<br>**COUNSEL FOR PLAINTIFFS** | */s/ L. Nelson Hall*<br>L. Nelson Hall, Attorney-in-Charge<br>SBN 08785800 (Fed. ID 6142)<br>**COUNSEL FOR DEFENDANT, BIGBEE TRANSPORTATION, INC.** |