UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 5 2002

Michael N. Milby
Clerk of Court

| | |
|---|---|
| RAMIRO BALLI AND CONSUELO BALLI § § § | |
| vs. § | CIVIL ACTION NO. B-02-003 |
| § | |
| BIGBEE TRANSPORTATION, INC., § AND GEORGE TURNER § | |

## JOINT PRE-TRIAL ORDER

1. Appearances:

   Plaintiff:                                Defendants:

                                             David J. Dunn
                                             L. Nelson Hall
   Eddie Trevino, Jr.                        Dunn & Weathered, P. C.
   Law Office of Eddie Trevino, Jr.          Attorneys at Law
   700 Paredes Ave., Suite 103               611 S. Upper Broadway
   Brownsville, Texas 78521                  Corpus Christi, Texas 78401

   Telephone: (956)554-0683                  Telephone: (361)883-1594
   Facsimile:  (956)554-0693                 Facsimile:  (361)883-1599
   State Bar No.: 20211135                   State Bar No.: 08785800
   Federal ID No.: 11628                     Federal ID No.: 6142
                                             State Bar No.: 06243500
                                             Federal ID No.: 2438

2. Statement of the Case:

   On September 16, 1999, Ramiro Manuel Balli was operating his black Geo Prizm and his wife, Consuelo Balli, was a passenger in the vehicle. Unserved defendant George Turner while in the course and scope of his employment with defendant Bigbee Transportation, Inc. was operating a white Peterbilt tractor truck owned by defendant Bigbee Transportation, Inc.

Both vehicles were stopped facing northeast on the right lane of the 1500 block of E. Washington Street, at the intersection of International Blvd., in Brownsville, Cameron County, Texas. Defendant George Turner's truck, which was behind plaintiffs' vehicle, proceeded forward when it was unsafe to do so and its front bumper collided with the rear bumper of plaintiff's vehicle. Defendant George Turner was at fault.

As a result of the accident, plaintiffs claim they have suffered injuries and incurred expenses for medical care and treatment.

3. Jurisdiction:

This court has diversity jurisdiction over the subject matter of this case pursuant to 28 USC 1332. Plaintiffs are citizens of Texas. Defendant, Bigbee Transportation, Inc., is a Missouri corporation with its principal place of business in Missouri. Defendant, George Turner, was a citizen of Missouri and may now be a citizen of Louisiana. Plaintiffs seek personal injury damages not in excess of $500,000.

4. Pending Motions:

    a.    Plaintiffs' Motion for Protective Order (Deposition upon Written Questions);

    b.    Defendant's Motion for Protective Order (Deposition); and

    c.    Defendant's Motion for Continuance.

5. Contentions of the Parties:

**Plaintiffs:**

Plaintiffs contend that defendant George Turner was negligent in the operation of the vehicle and as a result, caused the accident which resulted in personal injuries to plaintiffs.

**Defendant:** Defendant, Bigbee Transportation, Inc., disputes that the accident proximately caused the extent of injuries and damages claimed by Plaintiffs. Specifically, Defendant denies that the accident caused or contributed to cause any injury to Mrs. Balli's shoulder.

6. Admissions of Fact:

   1. The accident made the basis of this lawsuit occurred on September 16, 1999 at the intersection of International Blvd. and East Washington, public roads within Brownsville, Cameron County, Texas.

   2. At the time of the accident, defendant George Turner was driving a white Peterbilt truck owned by defendant Bigbee Transportation, Inc. and was at all times acting within the course and scope of his employment with Bigbee Transportation, Inc.

   3. Defendant George Turner was at fault for the accident, for which fault Defendant, Bigbee Transportation, Inc., is vicariously liable.

7. Contested Issues of Fact:

   The parties have no contested issues of fact except as to the extent of injury claimed by Mrs. Balli and the amount of the damages sought by Plaintiffs.

8. Agreed Propositions of Law:

The parties agree that this case involves issues of negligence between the parties. They further agree that damages may be awarded by a jury if supported by the evidence.

9. Contested Propositions of Law:

The parties have no contested propositions of law.

10. Exhibits:

Exhibit lists, in duplicate, are attached. All exhibits have been made available for examination by opposing counsel.

11. Witnesses:

Plaintiff – See attached witness list.

Defendant – See attached witness list.

12. Settlement:

All settlement efforts have been exhausted, the case cannot be settled and will have to be tried.

13. Trial:

A. The parties estimate trial will take approximately three (3) days, including charging the jury and final arguments.

14. Attachments:

Proposed questions for *voir dire* examination and a proposed charge are attached.

**Charge – General Instruction for Charge**

Signed this 15th day of November, 2002.

        Respectfully submitted,

        *Law Office of Eddie Trevino, Jr.*
        700 Paredes Ave., Suite 103
        Brownsville, Texas 78521
        Telephone: (956) 554-0683
        Facsimile: (956) 554-0693

        By: /s/ Eddie Trevino
        Eddie Trevino, Jr.
        State Bar No. 20211135
        Federal ID No. 11628
        **ATTORNEY FOR PLAINTIFFS**

        *Dunn & Weathered, P.C.*
        **Attorneys at Law**
        611 S. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 883-1594
        Facsimile: (361) 883-1599

        By: /s/ David J. Dunn by permission
        David J. Dunn
        State Bar No.: 06243500
        Federal ID No.: 2438
        L. Nelson Hall
        State Bar No.: 08785800
        Federal ID No.: 6142
        **ATTORNEYS FOR DEFENDANT**
        **BIGBEE TRANSPORTATION, INC.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAMIRO BALLI AND CONSUELO BALLI | § § § § § § § | |
| vs. | | CIVIL ACTION NO. B-02-003 |
| BIGBEE TRANSPORTATION, INC., AND GEORGE TURNER | | |

**PLAINTIFF'S EXHIBIT LIST**

| NO. | DESCRIPTION | ADM | EXC |
|---|---|---|---|
| P1 | Billing Records of Dr. Mike Sweeney for Ramiro Balli | | |
| P2 | Medical Records of Dr. Mike Sweeney for Ramiro Balli | | |
| P3 | Billing Records of Dr. Mike Sweeney for Consuelo Balli | | |
| P4 | Medical Records of Dr. Mike Sweeney for Conseulo Balli | | |
| P5 | Billing Records of Brownsville Physical Therapy & Sports Medicine for Ramiro Balli | | |
| P6 | Medical Records of Brownsville Physical Therapy & Sports Medicine for Ramiro Balli | | |
| P7 | Billing Records of Brownsville Physical Therapy & Sports Medicine for Consuelo Balli | | |
| P8 | Medical Records of Brownsville Physical Therapy & Sports Medicine for Consuelo Balli | | |
| P9 | Billing Records of Dolly Vinsant Memorial Hospital for Consuelo Balli | | |
| P10 | Medical Records of Dolly Vinsant Memorial Hospital for Consuelo Balli | | |
| P11 | Billing Records of Valley Regional Medical Center for Consuelo Balli | | |
| P12 | Medical Records of Valley Regional Medical Center for Consuelo Balli | | |
| P13 | Billing Records of Brownsville Open MRI for Consuelo Balli | | |
| P14 | Medical Records of Brownsville Open MRI for Consuelo Balli | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

CASE NO. B-02-003

| | | |
|---|---|---|
| RAMIRO BALLI AND CONSUELO BALLI | § § § § § § § § | MAGISTRATE_____ COURTROOM DEPUTY_____ COURT REPORTER_____ JURY TRIAL HELD AT_____ DATE_____ |
| V. | | |
| BIGBEE TRANSPORTATION, INC., AND GEORGE TURNER | | |

EXHIBIT LIST OF DEFENDANT                ATTORNEY   L. Nelson Hall

| Ex. No. | DESCRIPTION | Marked | Offered | Object | Admit | Date | Disposition after trial |
|---|---|---|---|---|---|---|---|
| 1 | Peace Officer's Accident Report | | | | | | |
| 2 | Photograph of Plaintiffs' vehicle taken after accident | | | | | | |
| 3 | Photograph of Plaintiffs' vehicle taken after accident | | | | | | |
| 4 | Photograph of Plaintiffs' vehicle taken after accident | | | | | | |
| 5 | Photograph of Plaintiffs' vehicle taken after accident | | | | | | |
| 6 | Drive qualification file | | | | | | |
| 7 | Turner statement (employee file) | | | | | | |
| 8 | Turner statement (insurance file) | | | | | | |
| | | | | | | | |

## **PLAINTIFFS' WITNESS LIST**

**Ramiro Balli, 25 Villa Del Sol, Brownsville, Texas 78526 (956) 544-6851. Plaintiff expected to testify regarding incident made the basis of lawsuit.**

**Consuelo Balli, 25 Villa Del Sol, Brownsville, Texas 78526 (956) 544-6851. Plaintiff expected to testify regarding incident made the basis of lawsuit.**

**Marisol Balli, 15508 Sutton Leighs Ln., Pflugerville, Texas 78660 (512) 990-7844. Passenger in vehicle expected to testify regarding incident made the basis of lawsuit.**

**Rodney Bustamante, 15508 Sutton Leighs Ln., Pflugerville, Texas 78660 (512) 990-7844. Passenger in vehicle expected to testify regarding incident made the basis of lawsuit.**

**Dr. Mike Sweeney, M.D. 1090 E. Alton Gloor Blvd., Brownsville, Texas 78520 (956) 542-1850**

**Elsa Saldivar as Custodian of Medical Records for Mike Sweeney M.D., 1090 E. Alton Gloor Blvd., Brownsville, Texas 78520 (956) 542-1850**

**Deborah Ann Alcocer as Custodian of Medical Records for Dolly Vinsant Memorial, P.O. Box 42, San Benito, Texas 76586 (956) 361-0615**

**Xochitl Rodriguez as Custodian of Medical Records for Brownsville Open MRI, 908 Paredes Line Road, Brownsville, Texas 78521 (956) 541-4488**

**Diane Clark as Custodian of Medical Records and Minerva Coronado as Custodian of Billing Records for Valley Regional Medical Center, P.O. Box 3710, Brownsville, Texas 78521 (956) 350-7436**

## DEFENDANT'S WITNESS LIST

**Mr. Robert Henderson, BIGBEE TRANSPORTATION, INC., P.O. Box 9010, Columbus, Mississippi 39705; Safety Operations Manager. Mr. Henderson is expected to testify regarding the due diligence of Bigbee Transportation, Inc., in the hiring of Mr. Turner.**

**David Dale, Brownsville Police Department, Brownsville, Texas; investigating police officer. Officer Dale is expected to testify regarding lack of complaint of injury by Plaintiffs, relative damage to vehicles.**

**Tammy Birdwell, Claims Examiner, GEICO, 4201 Spring Valley Road, Dallas, Texas 75244. Ms. Birdwell is expected to testify as records custodian of GEICO regarding prior accident claim of Plaintiffs.**

**Ronda Beardon, PIP adjuster, Metropolitan Casualty Insurance Company, 6303 Commerce Drive, Suite 500, Irving, Texas 75063. Ms. Beardon is expected to testify as records custodian of Met Casualty regarding prior accident claim of Plaintiffs.**

**Unidentified records custodian of Luke Fruia Motors, 2645 Barnard Rd., Brownsville, Texas; (956) 541-3141. Expected to testify regarding damage/repair estimates for Plaintiff's automobile.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAMIRO BALLI AND | § | |
| CONSUELO BALLI | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-02-003 |
| | § | |
| BIGBEE TRANSPORTATION, INC., | § | |
| AND GEORGE TURNER | § | |

## PLAINTIFF'S PROPOSED *VOIR DIRE* QUESTIONS

Plaintiffs' Ramireo Balli and Consuelo Balli submit the following propsed voir dire questions:

1. This is a suit for personal injury. The general facts alleged by the parties in this case are:

On September 16, 1999 Plaintiffs' were in their vehicle, stopped and facing northeast at the 1500 block of E. Washington St., at the intersection with International Blvd., in Brownsville, Cameron County, Texas. Defendant Bigbee Transportation truck which was being operated by its employee George Turner, was behind Plaintiffs' vehicle, proceeded forward when it was unsafe to do so and its front bumper collided with the rear bumper of Plaintiffs' vehicle.

Do any of you know anything about the facts of this case through personal knowledge or the media?

2. Do you understand that this is a civil case? This means that it is a civil dispute rather thank a criminal prosecution.

3. Do you understand the role of the jury is to be the "judge" of the disputed facts in the case? This means that each juror must listen to the evidence admitted in court and decide the relative value of that evidence to resolve questions that will be presented to the jury at the conclusion of the evidence.

4. Litigants are entitled to have their case heard by a jury that is fair and impartial. Do you understand that being a fair and impartial juror means that a person does not have special feelings or special knowledge about an issue in the case or about the case itself that prevents that person from treating both sides of the dispute the same

before hearing any evidence? For example, someone who lost a child in an accident involving a drunk driver might have difficulty being a juror in an automobile collision case in which one party alleged the other was intoxicated.

5. Are you acquainted with the plaintiffs' in this case?

6. Are you acquainted with the defendant in this case?

7. Are acquainted with any of the attorneys who are here?

8. Have you, anyone close to you, or any family member ever been represented by any of the attorneys representing the parties in this suit?

9. Do you know anyone else on the jury panel?

10. Have you, anyone close to you, or any member of your family (including your spouse, children, stepchildren, parents, brothers, sisters, children-in-law, brothers-in-law, sisters-in-law, or parents-in-law) ever worked for or been employed by Bigbee Transportation, Inc. Co.

11. Have you, a relative, or anyone close to you ever studied law?

12. Are any of your spouses lawyers?

13. Have you, a relative, or anyone close to you ever been employed as a police officer, sheriff, constable, or other law enforcement officer?

14. Have you ever been a witness at trial, civil or criminal?

15. Have you ever been a juror in a trial, civil or criminal?

16. Have you or any close friend or relative ever been involved as a plaintiff, defendant or witness in a civil case?

17. If yes, is that civil case still pending?

18. Based upon what you have heard about the facts of this case, was the civil action in which your friend or relative was involved similar in any way to this case?

19. Was there anything about the civil case in which your friend or relative was involved that you believe could have an impact on your ability to be a fair and impartial juror of the facts in this case?

20. Have you ever been a defendant in a lawsuit?

21. If yes, is that case still pending?

22. Based upon what you have heard about the facts of this case, is the civil action in which you are or were a defendant similar in any way to this case?

23. Is there anything about the civil case in which you are or were a defendant that you believe could have an impact on your ability to be a fair and impartial juror of the facts in this case?

24. Have you or a family member or close friend ever been involved in an auto accident?

25. Did your auto accident require medical attention for any personal injuries?

26. If yes, is that case still pending?

27. Based upon what you have heard about the facts of this case, is the civil action in which you are or were a plaintiff similar in any way to this case?

28. Is there anything about the civil case in which you are or were a plaintiff that you believe could have an impact on your ability to be a fair and impartial juror of the facts in this case?

29. This case is expected to last three (3) days. Do you have any confirmed vacation plans or other family matters that would conflict with jury service?

30. Do you have any physical disability or condition that would interfere with your serving as a juror in this case?

31. Have you heard anything during this jury-selection process that causes concern about your ability to be a fair and impartial juror of the particular facts of this case?

32. Have any of you ever heard of CALA, the Citizens Agains Lawsuit Abuse Campaign here in the Rio Grande Valley?

33. If so, do any of you feel that this campaign has affected your ability to be a fair and impartial juror?

34. Do you believe that there are too many lawsuits or that there is a lawsuit abuse problem?

35. If the evidence supports awarding damages to Plaintiffs', could you award such damages?

36. Given the nature of this case, is there anything in your background and experience that would make it difficult for you to be fair and impartial?

37. Is there any reason at all why you feel you should not be a juror in this case?

Signed this 15th day of November 2002.

                Respectfully submitted,

                *Law Office of Eddie Trevino, Jr.*
                700 Paredes Ave., Suite 103
                Brownsville, Texas 78521
                Telephone: (956) 554-0683
                Facsimile: (956) 554-0693

By: _____
                Eddie Trevino, Jr.
                State Bar No. 20211135
                Federal ID No. 11628
                ATTORNEY FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAMIRO BALLI AND CONSUELO BALLI | § § § § | |
| vs. | § § | CIVIL ACTION NO. B-02-003 |
| BIGBEE TRANSPORTATION, INC., AND GEORGE TURNER | § § § § | |

## **CHARGE**

### **GENERAL INSTRUCTION FOR CHARGE**

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial to make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions of the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

In this case, the plaintiffs must prove every essential part of their claims by a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just

means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that as some other time the witness said or did something, or failed to say or do something, that was different from testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence-such as testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in the technical field – he is called an expert witness – is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to reply upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

You must determine an amount that is fair compensation for all of the plaintiffs' damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiffs whole – that is, to compensate the plaintiffs for the damage that the plaintiffs have suffered. Compensatory damages are not limited to expenses that the plaintiffs may have incurred because of his or her injury. The plaintiffs are entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that the plaintiffs have suffered because of his or her injury. The plaintiffs are entitled to compensatory damages for the physical injury, pain and suffering, mental anguish, shock and discomfort that the plaintiffs have suffered because of the defendant's conduct.

You may award compensatory damages only for injuries that the plaintiffs prove were proximately caused by the defendant's wrongful conduct. The damages that your award must be fair compensation for all of the plaintiffs' damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiffs have actually suffered or that the plaintiffs are reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guess-work. On the other hand, the law

does not require that the plaintiffs prove the amount of their losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should not interpret the fact that I have given instructions about the plaintiffs' damages as an indication in any way that I believe how much the plaintiffs should, or should not, recover in this case.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence.

You may award damages for any bodily injury that the plaintiff sustained and any physical pain and mental anguish, disfigurement, or physical impairment that he plaintiffs experienced in the past or will experience in the future as a result of the bodily injury. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the plaintiffs for the damages they have suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

The reasonable value of medical care and treatment that the plaintiffs required or will require because of their injuries which were caused by the defendant's wrongful conduct.

Any loss of ability to earn money sustained in the past and any such loss in the future.

If you find for the plaintiffs, they are entitled to recover an amount that will fairly compensate them for any damages they have suffered to date.

If you find that the plaintiffs are reasonably certain to suffer damages in the future from their injuries, then you should award them the amount you believe would fairly compensate them for such future damages.

An award of future damages necessarily requires that payment be made now for a loss that plaintiffs will actually suffer until some future date. If you should find that the plaintiffs will not actually suffer until some future date. If you should find that the

plaintiffs are entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages.

If you award damages for loss of future earnings, you must consider two particular factors:

1. You should reduce any award by the amount of the expenses that the plaintiff would have incurred in making those earnings.

2. If you make an award for future loss of earnings, you must reduce it to present value by considering the interest that the plaintiff could earn on the amount of the award if he or she made a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the plaintiff if he or she receives it today than if he or she received it in the future, when he or she would otherwise have earned it. It is more valuable because the plaintiffs can earn interest on it for the period of time between the date of the award and the date he or she would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that the plaintiffs can earn on that amount in the future.

If you make any award for future medical expenses, you should adjust or discount the award to present value in the same manner as with loss of future earnings.

However, you must not make any adjustment to present value for any damages you may award for future pain and suffering or future mental anguish.

### SPECIAL INTERROGATORIES

Do you find from a preponderance of the evidence:

1. That the Plaintiff, Ramiro Balli, should be awarded damages to compensate for:

    a. Physical pain and mental anguish;
    b. Loss of earning capacity;
    c. Disfigurement;
    d. Physical impairment; and
    e. Medical care.

Answer in what amount, if any,

    That was sustained in the past: $_____

    In reasonable probability will be in the future: $_____

2. That the Plaintiff, Consuelo Balli, should be awarded damages to compensate for:

    a. Physical pain and mental anguish;
    b. Loss of earning capacity;
    c. Disfigurement;
    d. Physical impairment; and
    e. Medical care.

Answer in what amount, if any,

    That was sustained in the past: $_____

    In reasonable probability will be in the future: $_____

When you retire to the jury room do deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers and questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the court orders otherwise. You may now retire to the jury room to conduct your deliberations.