UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 5 2002

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| RAMIRO BALLI AND CONSUELO BALLI | § § § | |
| V. | § § | CIVIL ACTION NO. B-02-003 |
| BIGBEE TRANSPORTATION, INC., AND GEORGE TURNER | § § | |

### DEFENDANT'S FIRST MOTION FOR CONTINUANCE

The Defendant asks the court to continue the case for 90 days to allow Defendant to conduct additional discovery.

1.   Plaintiffs, Ramiro Balli and Consuelo Balli, sued Defendant for personal injuries and damages claimed as a result of an automobile accident. On 6 November 2002, Defendant's attorney of record took the oral depositions of each of the plaintiffs, and Plaintiffs' attorney of record took the oral deposition of Defendant, Bigbee Transportation, Inc.'s corporate representative. These were the first depositions in the case.

2.   Defendant's investigation has discovered information that indicates that prior to the auto accident involved in this litigation the plaintiffs had been involved in two accidents similar to the accident involved in this lawsuit and one subsequent accident, which is also similar to the accident involved in this lawsuit. The other automobile accidents are similar, in that each involved a rear-end collision while the Plaintiffs were in the same automobile involved in this lawsuit. Defendant's investigation further developed information regarding a possible prior on-the-job accident suffered by Mrs. Balli. Further,

each of the prior and subsequent incidents, including the on-the-job accident, appear to involve claims by Plaintiff, Consuelo Balli, of injuries to the same parts of her body for which she seeks recovery herein.

3.  In her deposition, Mrs. Balli denied any prior on-the-job accident. She either did not remember or denied any injury claim from prior and subsequent automobile accidents. In his deposition, Mr. Balli similarly either denied or did not recall any injury claim. Mr. Balli in effect challenged defense counsel to produce records of the other accidents, in order to refresh Mr. Balli's recollection.

4.  In follow-up to the depositions of the plaintiffs, to acquire the actual claims file records, Defendant has noticed the depositions on written questions of the records custodians of the Ballis' own automobile insurance carrier and of the other parties' automobile insurance carriers for one of the prior automobile accidents and for the subsequent automobile accident. Defendant anticipates that the records of the one prior automobile accident will facilitate like discovery of the other prior automobile accident and the prior on-the-job accident. Defendant then anticipates that it will need to take a supplemental deposition of the Ballis.

5.  This discovery is relevant and material to the case. Mrs. Balli did not make any immediate claim of injury at the scene of the automobile accident in this case, and the medical records do not document any specific complaint about her left shoulder until nine months later. In her deposition, Mrs. Balli denied any prior injury or complaint or problem

of any kind with her left shoulder. She subsequently had surgery on her left shoulder more than one year after the accident. Plaintiffs are claiming that her left shoulder condition and the related medical expenses are a result of the automobile accident made the basis of this lawsuit. Defendant anticipates that it may be able to argue based on the records of the other accidents that Mrs. Balli's left shoulder condition was preexisting and not aggravated by this accident, so that the subsequent medical treatment including surgery is not a result of this accident. Defendant, therefore, needs additional time to secure such records, since Plaintiffs essentially have denied these prior injuries and have failed to voluntarily disclose such relevant and material information.

6. This request for continuance is not for delay only, but that justice may be done. This request for continuance will not prejudice Plaintiffs, since Plaintiffs have completed their medical treatment and are not dependent on the outcome of their lawsuit for any immediate medical care. Defendant will be substantially prejudiced if it is not permitted to pursue the outlined additional discovery. Defendant's undersigned attorney of record unsuccessfully in good faith has conferred with Plaintiffs' attorney of record in an effort to resolve this dispute without court action.

FOR THESE REASONS, Defendant asks the court to continue the trial setting of this case for at least 90 days and to concomitantly extend the deadline for discovery.

Respectfully submitted,

**DUNN & WEATHERED, P.C.**
611 S. Upper Broadway
Corpus Christi, Texas 78401
(361) 883-1594 [FAX 883-1599]

BY: _____
David J. Dunn, Attorney-in-Charge
SBN 06243500 (Fed. ID 2438)
L. Nelson Hall, Of Counsel
SBN 08785800 (Fed. ID 6142)
**COUNSEL FOR DEFENDANT, BIGBEE TRANSPORTATION, INC.**

### CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing has been served on all known counsel of record in the manner indicated on this date of 13 November 2002.

_____
David J. Dunn

**VIA FIRST CLASS MAIL**
Mr. Eddie Trevino, Jr.
LAW OFFICE OF EDDIE TREVINO, JR.
545 E. 7th Street
Brownsville, Texas 78520